**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Gabriel James Coslett, | ) | No. CV-18-03462-PHX-SPL |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| | ) | |
| Yuric Alexander Hannart, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

    Before the Court is Plaintiff's Motion to Remand Case Back to Maricopa County Superior Court (the "Motion"). (Doc. 27) Plaintiff initiated this action seeking damages for negligence and negligence per se against a group of defendants in the Maricopa County Superior Court. (Doc. 2-3) Defendants Uber Technologies, Inc. and Rasier, LLC removed this case to federal court on October 24, 2018 based on diversity jurisdiction. (Doc. 2) Plaintiff now moves for remand to the Maricopa County Superior Court. (Doc. 27) The Motion is unopposed.

    Federal courts may exercise removal jurisdiction over a case only if subject-matter jurisdiction exists. 28 U.S.C. § 1441(a); *Valdez v. Allstate Ins. Co.,* 372 F.3d 1115, 1116 (9th Cir. 2004). The removing party bears the burden of establishing subject-matter jurisdiction as a basis for removal. *Emrich v. Touche Ross & Co.,* 846 F.2d 1190, 1195 (9th Cir. 1988). To satisfy this burden under 28 U.S.C. § 1441, the removing party must demonstrate that either diversity or federal question jurisdiction existed at the time of removal. *Hunter v. Philip Morris USA,* 582 F.3d 1039, 1042 (9th Cir. 2009). For diversity

cases, the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a). Whereas the Constitution contemplates minimal diversity, 28 U.S.C. § 1332 requires complete diversity—no plaintiff may be a citizen of the same state as any defendant. *Cady v. Am. Family Ins. Co.*, 771 F. Supp. 2d 1129, 1130 (D. Ariz. 2011). There is a "strong presumption against removal jurisdiction," which "must be rejected if there is any doubt as to the right of removal in the first instance." *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka,* 599 F.3d 1102, 1107 (9th Cir. 2010).

The Plaintiff argues that this case must be remanded to the Maricopa County Superior Court because complete diversity does not exist between the parties to this litigation. Specifically, the Plaintiff argues that the reinstatement of Defendants Yuric Alexander Hannart and Linh Nguyen Hannart eliminates complete diversity of citizenship. The Defendants failed to file a response to the Motion. Therefore, the Court will grant the Motion.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Remand (Doc. 27) is **granted**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall remand this action to the Maricopa County Superior Court and terminate this case.

Dated this 22nd day of May, 2019.

_____
Honorable Steven P. Logan
United States District Judge